IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE EDWARD LIETKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of the Social ) <br> Security Administration[1], ) <br> ) <br> Defendant. ) | Case No. CIV-12-422-W |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

**PROCEDURAL HISTORY**

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff's applications for DIB and SSI were protectively filed on September 18, 2007, alleging a disability beginning January 23, 2007 (TR. 11). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 110). The first of two administrative hearings was held on May 1, 2009, before The Honorable Charles Headrick (ALJ Headrick) (TR. 73-102). ALJ Headrick issued an unfavorable decision on June 29, 2009 (TR. 107-116). Plaintiff appealed the decision, and on February 17, 2011, the Appeals Council remanded the case for further development of the record and a new hearing (TR. 117-120).

On remand, the case was assigned to the Honorable David W. Engel (ALJ Engel).[2] ALJ Engel conducted the second administrative hearing on September 7, 2011 (TR. 35-69), and issued an unfavorable decision on October 31, 2011 (TR. 11-29). The Appeals Council denied Plaintiff's request for review on February 17, 2012, (TR. 1-5), making the decision of ALJ Engel the final decision of the Commissioner. This appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on

---

[2] There is nothing in the record explaining why the case was reassigned shortly before the second administrative hearing. As late as August 24, 2011, ALJ Headrick sent Plaintiff a notice reminding him of the upcoming hearing (TR. 218).

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

ALJ Engel followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520; 416.920. At step one, the ALJ found that, even though Plaintiff had been working part-time for several months, he had not engaged in substantial gainful activity since the onset date of his alleged disability (TR. 15). At step two, the ALJ found that Plaintiff had severe impairments including degenerative disc disease, left ankle impairment, asthma and allied disorders (TR. 15). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the limiting characteristics of any of the presumptively disabling conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15). The ALJ compared Plaintiff's alleged mental impairments to the criteria in listing 12.04 and

3

listing 12.06 and determined that Plaintiff's mental impairments are not severe (TR. 15-16). The ALJ then formulated Plaintiff's residual functional capacity (RFC):

> Dale Edward Lietke was 43 years of age on the alleged onset date of disability (January 23, 2007) (he was 43 years of age on the date last insured, June 30, 2007) (he is currently 48 years of age with a birth date of July 15, 1963) with a 9th grade education (1979) with past relevant work identical to that identified by the vocational expert in this case to include that a road crew worker (1995-1996), maintenance and grounds keeper for a realty company (1996-1998), mechanic at a car dealership (2000-2003), carpenter (2005-2006), and floor and carpet tile worker (2006-2007). He is able to perform a full range of light and sedentary exertion work only. He is unable to climb ropes, ladders, and scaffolds, and is unable to work in environments where he would be exposed to unprotected heights and dangerous moving machinery parts. He is able to understand, remember, and carry out simple instructions in a work-related setting, and is able to interact with co-workers and supervisors, under routine supervision

(TR. 16). The ALJ then determined that Plaintiff could not perform his past relevant work (TR. 26). At step five of the sequential evaluation process, the ALJ determined that Plaintiff has the ability to perform other work such as assembly work, laundry sorter, bender assembly and sorter (TR. 28).

## ANALYSIS

The three issues Plaintiff asserts in this appeal are intertwined and will be analyzed as one. Plaintiff contends that the Commissioner's final decision is not supported by substantial evidence because ALJ Engel did not adequately develop the record with regard to Plaintiff's alleged cognitive impairment, anxiety, panic attacks and depression; relied on stale evidence; and failed to give proper deference to the opinions of Plaintiff's treating sources.

In reversing ALJ Headrick's unfavorable decision, the Appeals Council found, among other things, that the record contained insufficient evidence regarding Plaintiff's alleged cognitive and mental impairments (TR. 118). The administrative record contains school records which indicate that Plaintiff's overall intelligence score was 67 and that he had attended special education classes. The record also contained evidence of anxiety, panic attacks and depression. The Appeals Council directed the ALJ to "[o]btain additional evidence concerning [Plaintiff's] cognitive impairment, anxiety, panic attacks and depression" in order to complete the record and stated that the additional evidence "may include, if warranted and available, a consultative mental status examination with psychological testing and medical source statements about what the claimant can still do despite the impairments" (TR. 119). The ALJ was further directed to evaluate the Plaintiff's mental impairments, including depression and anxiety, in accordance with the Psychological Review Technique described in 20 C.F.R. 404.1520a and 416.920a, to give further consideration to Plaintiff's maximum residual functional capacity during the entire period, and to obtain supplemental evidence from a vocational expert in order to clarify the effect the assessed limitations would have on Plaintiff's occupational base (TR. 119).

The record reflects, however, that no additional evidence concerning the Plaintiff's alleged cognitive and mental impairments was ordered or obtained by either ALJ. Plaintiff was not given the opportunity to have a new consultative mental status examination with further objective testing, as suggested by the Appeals Council and specifically requested by Plaintiff's attorney (TR. 70). In an attempt to further develop

5

the record, Plaintiff's attorney also requested a subpoena be issued requiring Plaintiff's mental health counselor to appear and testify at the second administrative hearing (TR. 71). Neither ALJ addressed the reasons for failing to order a mental status examination or for failing to issue the requested subpoena. Plaintiff's attorney did provide the ALJ with additional records related to Plaintiff's recent mental health treatment (TR. 41-42).

In social security disability cases, claimants bear the burden of proving their disabilities. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). Administrative disability hearings are, however, non-adversarial, and an ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised. *Id.* Moreover, the ALJ's duty to fully develop the administrative record is not abrogated simply because a claimant is represented by counsel. *Id.* In this case, Plaintiff's attorney contacted ALJ Headrick before the remand hearing and identified the issues which needed further development. The attorney specifically requested that the ALJ order a consultative diagnostic cognitive evaluation. She also requested that a subpoena be directed to Plaintiff's mental health source requiring that source to appear and testify at the remand hearing (TR. 317). Neither ALJ acknowledged these requests.

Plaintiff's position regarding the need for further development of the record is supported by the remand order of the Appeals Council which specifically identified the issues requiring further development and additional evidence. Chief among these issues

6

was the Appeals Council's finding that the evidence concerning Plaintiff's cognitive impairments was insufficient to support ALJ Headrick's RFC assessment:[3]

> The record contains insufficient evidence regarding the claimant's alleged cognitive impairment. The claimant alleged that he has severe limitations in reading and writing ability, that he attended special education classes throughout school, is unable to complete forms, has difficulty keeping up with other people in following instructions, despite "trying with his best ability," and "gets in trouble" for not following instructions (hearing audio 10:16.52). There are school records in the claimant's file from Cuyahoga Falls School District, including a psychological study by school psychologist, Jane Frederickson, performed when the claimant was seven years old. Tests administered were: Stanford-Benet, Form L-M, Bender Gestalt, and House-Tree-Person. Previous tests included two separate administrations of the California Mental Maturity Test with intelligence scores of language-64; non-language-77; and overall-67. Limitations in the claimant's vocabulary, abstract reasoning and the ability to evaluate life experiences and predict results of circumstances were noted. The claimant was noted to have a speech problem, was having the help of a speech therapist, and was determined qualified for special education services. (Exhibit 1F/9-14). The claimant underwent a mental status examination by Laurie Clements, Ph.D. on December 5, 2007, who noted limitations in the claimant's attention and concentration, memory, practical and social judgment, abstract reasoning and vocabulary. Dr. Clemens opined, that the claimant's language during the interview as well as other indications, "suggests he is approximately Borderline to Low Average in his overall intellectual functioning." No other psychological testing besides the mental status examination was performed and Dr. Clements did not have the claimant's school records available for her review

(TR. 118-119).

---

[3] The RFC formulated by ALJ Headrick did not include any limitations attributable to Plaintiff's cognitive or mental health limitations: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" (TR. 113).

On remand, ALJ Engel relied on the same 2007 mental status examination upon which ALJ Headrick had previously relied (TR. 16), even though Plaintiff had submitted more medical records from his treating sources. ALJ Engel discussed a Mental Residual Functional Capacity Assessment (Mental RFC) and a Psychiatric Review Technique Form (PRT) prepared by Dr. Vaidya and dated March 9, 2010. According to the ALJ, the PRT stated Plaintiff's mental impairments were not severe (TR. 22). ALJ Engel apparently misread the PRT, however, because Dr. Vaidya had actually marked a box indicating that Plaintiff's *medical impairments* were not severe, not his *mental impairments* (TR. 507).

The opinions of Plaintiff's treating sources for his mental impairments are consistent. The record includes a Mental RFC dated October 12, 2010, written by Natalie Volturo, and signed by Dr. Vaidya, both of whom had recently attended Plaintiff at the Edwin Fair Community Mental Health Center (TR. 554-556). Plaintiff's treating sources noted that Plaintiff is markedly limited in a number of work-related areas because of his physical and psychological problems (TR. 554-556). In their assessment of Plaintiff's mental residual functional capacity, the treating sources gave their opinion of Plaintiff's ability to cope in a work environment:

> [Plaintiff is unable to perform in a work environment due to physical and psychological impairments. . . .[Plaintiff's] memory impairment is very significant, and he would require a high level of supervision to ensure his tasks are understood and carried out appropriately. [Plaintiff's] paranoia makes him vulnerable to social interactions not appropriate to the workplace. He fears coworkers are out to set him up to get fired, and he fears supervisors are treating him unfairly because of his impairments. [Plaintiff's] coexisting depression and anxiety cause further impairment

8

> due to panic attacks when he feels afraid or overwhelmed and an inability to deliver upon responsibilities when depressed. His work attendance may be greatly affected by the depression and anxiety, as he is unable to get out of his bed/home or make judgments of value due to feelings of worthlessness.
>
> . . .
>
> [Plaintiff] has a history of learning disabilities further impairing the ability to engage in and maintain a work schedule and/or environment.

The most recent Mental RFC from these same sources is dated September 6, 2011. In addition to marked limitations in several work-related areas, the Mental RFC again noted Plaintiff's irritability around others, his memory problems, and his learning disabilities (TR. 602).

"Generally the opinion of a treating physician is given more weight than that of an examining consultant, and the opinion of a non-examining consultant is given the least weight." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A treating physician's opinion must be given controlling weight if it "is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Where, as here, the ALJ decides not to give controlling weight to a treating physician's opinion, the ALJ must decide "whether the opinion should be rejected altogether or assigned some lesser weight." *Newbold v. Colvin*, ___ F.3d ___, 2013 WL 2631530 (10th Cir. Jun. 13, 2013) (to be published) (internal citation and quotations omitted). Treating source medical opinions not entitled to controlling weight "are still entitled to deference" and must be evaluated in light of the factors in the relevant

regulations, 20 C.F.R. §§ 404.1527 and 416.927. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir 2003).

After citing the process an ALJ should follow in assessing the weight to be given to the opinions of treating sources (TR. 25), ALJ Engel skipped the first step of the analysis – whether the treating physician's opinion should be given controlling weight – and went directly to the second step of the analysis, giving "little weight" to the opinions of Plaintiff's treating sources (TR. 25). ALJ Engel stated only one factor underlying his decision to give the treating sources' opinions little weight – that the opinions "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant" (TR. 25).

ALJ Engel's decision is not supported by substantial evidence as a whole. On remand, the Commissioner will have the opportunity to further develop the record regarding the severity of Plaintiff's cognitive and mental impairments.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **July 11, 2013**. The parties are

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 27, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE